UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brandy Overcash, individually as next best friend of Darrell W. Overcash, deceased, and Brandy Overcash on behalf of the heir and next of kin of Darrell W. Overcash, deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>Jones Contractors, Inc. and Ian O'Neal,<br><br>        Defendants. | **ORDER RE MOTIONS IN LIMINE**<br><br>Case No. 4:15-cv-056 |

The following are the court's rulings on the motions in limine filed by defendants in the above action.

### 1. *Motion to exclude mention of insurance (Doc. No. 31)*

Defendants move the court for an order excluding any reference to, argument about, or evidence of liability insurance. Plaintiff responds that she does not intend to mention or offer evidence of insurance unless defendants open the door to the admissibility of such evidence.

Based on the foregoing, the court **GRANTS** the motion (Doc. No. 31) to the extent that counsel for both parties shall not mention or offer evidence of insurance without first receiving permission from the court out of the presence of the jury.

### 2. *Motion to exclude mention of speeding violations (Doc. No. 33)*

Defendants move the court for an order excluding any reference to, argument about, or evidence of O'Neal's prior speeding violations. Plaintiff responds that she does not intend to

1

mention or offer evidence of O'Neal's speeding violations unless defendants open the door to the admissibility of such evidence.

Based on the foregoing, the court **GRANTS** the motion (Doc. No. 33) to the extent that counsel for both parties shall not mention or offer evidence of O'Neal's speeding violations without first receiving permission from the court out of the presence of the jury.

### 3. *Motion to exclude mention of texting and use of cell phone (Doc. No. 37)*

Defendants move the court for an order excluding any reference to, argument about, or evidence of (a) O'Neal texting at the time of the motor vehicle accident, and (b) O'Neal's use of his phone for the one hour time period prior to the motor vehicle accident and the entire time period after the motor vehicle accident. Plaintiff opposes the motion except for evidence of cell phone use after the accident. With respect to the latter, plaintiffs state that they will not mention or offer evidence of cell phone usage after the accident unless defendants open the door to the admissibility of the evidence or it otherwise becomes relevant.

The court **GRANTS IN PART AND DENIES IN PART** defendants' motion (Doc. No. 37). The motion is **GRANTED** to the extent that counsel for both parties shall not mention or offer evidence of O'Neal's cell phone usage after the accident without receiving permission from the court out of the presence of the jury. The motion is **DENIED** with respect to any evidence of texting or cell phone usage by O'Neal after he began driving on the morning of the accident given the proximity in time to the accident of the proffered evidence of both O'Neal sending a text and receiving a response. The evidence is of some relevance to whether O'Neal was a distracted driver in the seconds leading up to the accident. See McLane v. Rich Transport, Inc., No. 2:11–cv–00101, 2012 U.S. Dist. LEXIS 126407, at *5 (E.D. Ark. September 6, 2012) (denying motion in limine to

exclude evidence of cell phone usage, concluding that the cell phone records showing use on the day of the accident was admissible and that the defendants' arguments relative to the timing of the calls in relation to the accident went to the weight of the evidence but not its admissibility); Raspberry v. USF Holland, Inc., No. 08-327, 2009 WL 2589840, at *1 (E.D. Ky Aug. 19, 2009) (same); State v. Dion, 62 A.3d 792, 797-98 (N.H. 2013) (record of calls during the 37 minutes prior to the accident "bore directly on the issue of the defendant's attentiveness in the minutes leading up to the collision.")

### 4. *Motion to exclude evidence of social media post by O'Neal (Doc. No. 41)*

Defendants move this court for an order excluding any reference to, argument about, or evidence of a Facebook post with a Youtube video attachment originally posted by Jake Godsey on December 8, 2013, shared by Jordan Wendlandt (employee of Jones Contractors) on December 8, 2014, and commented on by O'Neal on December 8, 2014 and December 12, 2014. Plaintiffs oppose the motion on the grounds that the comment constitutes an admission by O'Neal that he was engaged in attention-distracting conduct at the time of the accident.

The court **GRANTS** the motion (Doc. No. 41) to the limited extent that the parties shall not mention the evidence until the court takes up the issue of its admissibility at the time of trial, most likely not until O'Neal testifies and then only if he denies engaging in any texting or cell phone usage in the seconds leading up to the accident. Plaintiff's counsel are instructed to advise the court out of the presence of the jury when they first wish to present the evidence.

### 5. *Motion to exclude photographs of decedent's body (Doc. No. 44)*

Defendants move the court for an order excluding photographs taken by the North Dakota Highway Patrol that show the decedent's body after the motor vehicle accident. Plaintiff responds

3

that she does not intend to offer photographic evidence of decedent's body taken after the accident unless defendants open the door to the admissibility of such evidence.

Based on the foregoing, the court **GRANTS** the motion (Doc. No. 44) to the extent that counsel for both parties shall not offer into evidence or otherwise display to the jury photographs of the decedent's body taken after the accident without first receiving permission from the court out of the presence of the jury.

6. *Motion to exclude evidence of decedent's injuries excluding the fact of death (Doc. No. 47)*

Defendants move the court for an order excluding any reference to, argument about, or evidence of Mr. Overcash's injuries as a result of the motor vehicle accident except for the fact of his death. The court has been advised that plaintiff is abandoning any survival claim. Consequently, this motion (Doc. No. 47) shall be **GRANTED** since the evidence in no longer of any possible relevance.

7. *Motion to exclude plaintiff's expert's "human factors" testimony and video animation (Doc. No. 57)*

Defendants move the court for an order (a) excluding expert Altman's testimony regarding human factors in this case, and (b) excluding Plaintiff's video animation as both substantive evidence and demonstrative evidence. Plaintiff opposes both parts of the motion but represents with respect to the second part that the video animation will only be used for demonstrative purposes.

The court will not exclude prior to trial the testimony of Altman based on the argument that he lacks the necessary expertise to give certain opinions that defendants characterize as falling within the purview of "human factors" type of testimony. Defendants are free to raise during the trial any objections that they may have with respect to particular points of the expert's testimony,

including whether the expert is qualified and has substantial basis for the testimony. That being said, from what the court has reviewed so far, most likely Altman will be permitted to express his opinions on the subjects that defendants appear to have the most concern about. See, e.g., Fox v. Dannenberg, 906 F.2d 1253, 1256 (8th Cir. 1990) ("[A]n individual can qualify as an expert where he possesses sufficient knowledge gained from practical experience, even though he may lack academic qualifications in the particular field of expertise."); Nna v. American Standard, Inc.,630 F. Supp. 2d 115, 135 (D. Mass. 2009) (engineer/accident reconstructionist could testify as to reaction times based on scientific literature).

As for the video animation, the court will likewise reserve ruling until the court can assess any foundation that may be offered for why it would be useful for the jury to see it as well as see exactly how plaintiff intends on using it. That being said, the court has substantial concerns about how helpful it will be and will not permit the display of the video animation, all or in part, until the court has been able to rule on whether any of it can be shown to the jury. Also, if plaintiff is unable to provide proper foundation for its use, the court is unlikely to allow the evidence even for demonstrative purposes. See, e.g., Roberts v. Sunbelt Rentals, Inc., No. 5:14-cv-00040, 2016 WL 129414, at **1-5 (W.D. Va. Mar. 30, 2016) (allowing use of computer simulation only after foundation was laid with respect to the data entered and the validity of the program); Rayner v. Union Pac. R.R. Co., No. Civ-13-46, 2014 WL 12104888, at *1 (W.D. Ok. Dec. 10, 2014) (stating that computer-generated animation is only admissible as demonstrative evidence when the proponent is able to demonstrate that "the animation is authentic, relevant, fair, and accurate representation of the evidence to which it relates, and its probative value substantially outweighs the danger of unfair prejudice, confusing the issues, or misleading the jury.") (internal quotation marks and quoting

authority omitted).

Based on the foregoing, the motion to exclude prior to trial portions of Altman's testimony and the video animation (Doc. No. 57) is **DENIED** subject to defendants being able to raise any appropriate objections at trial with respect to Altman's testimony and subject to the court's **ORDER** that plaintiffs may not display any portion of the video animation until the court rules on whether any of it can be shown to the jury.

   8.   *Motion to exclude evidence of alcohol and alcohol containers (Doc. No. 62)*

Plaintiff moves the court for an order excluding all reference at trial to alcohol or alcohol containers found in the decedent's vehicle on the grounds that there is no evidence he had used alcohol immediately prior to the accident and the lack of any evidence of alcohol in the defendant's blood. Defendant contends the evidence is relevant to the fact that he otherwise used alcohol in combination with prescription drugs generally and that this could have impacted his life span.

Based on the foregoing, the court **GRANTS** (Doc. No. 62) the motion to the extent that (1) it will exclude from trial any mention or evidence relating to the alcohol containers found in the decedent's vehicle at the time of the accident on Fed. R. Evid. P. 403 grounds in that the evidence is of little relevancy and, in any event, is likely to create undue prejudice and (2) it will prohibit any other reference to the decedent's use of alcohol until defense counsel obtains permission to mention evidence of alcohol from the court outside of the presence of the jury.

   9.   *Motion to exclude evidence of evidence of defendant's expert toxicologist Joseph Saady having to do with the likely levels of certain prescription drugs in the decedent's system and the potential affects on his judgment at the time of the accident (Doc. No. 63)*

Plaintiff moves to exclude or limit the testimony of Joseph J. Saady on numerous grounds including lack of relevance, undue prejudice, speculation, and lack of qualifications. Defendant

6

opposes the motion.

At this point, it is not entirely clear exactly what will be the scope of expert Saady's testimony. Some of what he opines about in his expert report appears to be relevant and admissible, but not necessarily all of it. Consequently, the court **DENIES** the motion to exclude all of Saady's testimony (Doc. No. 63) prior to trial and plaintiff can raise any objections to his testimony at the time of trial.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2016.

                */s/ Charles S. Miller, Jr.*
                Charles S. Miller, Jr., Magistrate Judge
                United States District Court