UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brandy Overcash, individually and on behalf of the next of kin of Darrell Overcash, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>Jones Contractors, Inc.<br><br>    Defendant. | **ORDER RE DIVISION OF JUDGEMENT**<br><br>Case No. 4:15-cv-056 |

On December 22, 2016, the court entered judgment against the defendant in the amount of $1,087,422.33 based on the verdict of the jury in this wrongful death action. The court stated in the judgment that it would subsequently determine how the jury award would be allocated among the heirs at law who are entitled to share in it as required by N.D.C.C. § 32-21-04.

On January 12, 2014, plaintiff filed a motion requesting an allocation whereby the two children of decedent Darrell Overcash (herein identified as K.O. and D.O.) would each receive $50,000 net of fees and costs and the balance of the recovery would go to Brandy Overcash, the spouse of the decedent and mother of K.O. and D.O. After consideration of the moving papers and based on the court's familiarity with the losses suffered by each of the heirs after having presided over the trial in the above action, the court concludes that this allocation is fair and reasonable, particularly since Brandy Overcash has custody of the two minor children and they will additionally benefit from the amount that will be distributed to her by reason of that fact.

Plaintiff's motion also asks this court to do two other things: approve the amounts to be paid in fees and costs to the attorneys and the arrangements for the handling of the amounts allocated to

the two minor children. While this court has approved settlements involving minors in the past, this case is somewhat different because the amount being distributed is pursuant to a jury verdict and K.O. and D.O. are not named parties  Nevertheless, this action has been brought on behalf of K.O. and D.O., at least in part, since they, along with Brandy Overcash, are the heirs at law entitled to share in the judgment. Also, the court is required to divide the judgment amount among those entitled to share in it. For these reasons, the court believes it has the authority to protect the interests of K.O. and D.O. in the handling of their share of the judgment. See, e.g., Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).

But, while the court believes that the handling of the K.O.'s and D.O.'s share of the judgment should be subject to judicial scrutiny, the court concludes this is a matter that, in this particular case, is better decided by the Georgia court having jurisdiction over minors generally. There are several reasons for this. First, K.O., D.O., and their mother, Brandy Overcash, are all residents of Georgia. Second, the Georgia court with jurisdiction over minors has more expertise in deciding what is appropriate in terms of protecting the financial interests of K.O. and D.O. than this court. Third, the Georgia court would be in the best position to exercise continuing jurisdiction over any financial arrangement made to protect the children if that is deemed to be in their best interests.[1] Cf. Comas v. Southern Bell Tel & Tel. Co., 657 F. Supp. 117 (S.D. Fla. 1987) (while retaining the right of final approval of the minor settlement, the court required that the parties first obtain approval of the settlement by the state probate court along with its directive for how the money should be handled

---

[1] The last time the undersigned was asked to approve a minor settlement in a case pending in this district where the minor children resided out-of-state, the attorneys sought the approval of the probate court of the state in which the minors resided for the arrangements for protecting the minor's settlement funds, including the appointment of a special conservator. The court concluded this was an appropriate and sensible approach.

2

given its greater expertise in the matter as well as its ability to thereafter supervise and police the arrangements decided upon for handling the money).[2]

Insofar as the attorney fees and costs are concerned, the court declines to address that issue in view of what has been proposed and the court has approved. Any authority that the court might have with respect to attorney fees and costs would be limited to determining what would be appropriate in terms of the shares of the judgment of the two minors and here the division that has been proposed and approved is net of any fees and costs.

---

[2] If the court in Georgia having jurisdiction over the two minor children declines to act, the court will reconsider the matter. But, if asked to do so, the court will likely not approve what has been proposed here in terms of the handling of the minors' share of the judgment for two reasons. First, what has been proposed permits the money allocated to the minors to be accessed at any time free of any significant restraints. While each case presents different circumstances, this court in approving minor settlements has typically limited access by the minor (or by persons acting on the minor's behalf) to all or a significant part of the money until the minor reaches college or some other suitable age(s) but with a safety valve that a court of appropriate jurisdiction could approve earlier distribution(s) based on a change of circumstances. Notably, among the federal courts, this court is not alone in that regard. See, e.g., Garlick v. County of Kern, No. 1:13-cv-01051, 2016 WL 4087057, *3 (E.D. Cal. Aug. 2, 2016) (allowing immediate disbursal to minor of $190,695.98 for ballet lessons, laptop computer, and orthodontia services and requiring that the remaining $132,133.70 be placed in an "interest-bearing blocked trust account at an FDIC insured banking institution" for disbursement to the minor on her 18th birthday); Milillo v. CEC Entertainment, Inc., No. 16-298, 2016 WL 4039646, *1 (E.D. Pa. July 28, 2016) (approving a minor settlement of $49,448.31 net of fees and costs where the money would be deposited into an interest bearing federally insured account marked not to be withdrawn until the minor reaches the age of 18); E.R. v. County of Stanislaus, no. 1:14-cv-00662, 2016 WL 3354334, *4 (E.D. Ca. June 16, 2016 (approving a laddered payment of amounts from a structured annuity beginning at age 18 and ending at age 24 given that "the distribution of funds over a lengthy period of time and delays payment of the largest portion until the minors are twenty-four, which increases the payout and protects the minors from potential loss or waste of a single lump sum payment at eighteen."); Samuels v. Independent School District 279, No. 02-474, 2004 WL 1326800, *2 (D. Minn. Feb. 6, 2004) (requiring the $10,000 amount payable to the minor to be deposited into an account at a local bank until the child reached 18 years of age with no right to withdraw any amounts prior to that time); Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 672 (E.D. Pa. 2000) (approving a minor settlement where $5,000 of the amount going to the minor would be disbursed immediately to purchase an automobile to enable the minor to go to school and the remaining $103,480.62 would be placed in a federally insured account marked not to be withdrawn until the minor reaches the age of minority or until further order of the court).

Second, what has been proposed here does not offer sufficient protection from the money being used for purposes that are not in the bests interests of the two minor children. Simply parking the money in separate accounts for the minors with the ability of Brandy Overcash to access the money at any time, even though nominally only on behalf of the minors, falls short of what this court would require. While the court has no reason to believe that Brandy Overcash is likely to do anything untoward (she appears to this court to be a responsible parent), there simply are too many instances where parents have spent money belonging to the minor to the disadvantage of the interests of the minor.

3

Based on the foregoing, the court **GRANTS IN PART** plaintiff's motion (Doc. No. 117). Pursuant to N.D.C.C. § 32-21-04, the judgment amount entered in this case (together with any accrued interest postjudgment interest) is hereby be allocated among the heirs at law of Darrell Overcash as follows:

1. The two minor children, K.O. and D.O., shall <u>each</u> receive $50,000, which shall be net of any fees and costs that would otherwise be attributable to their share of the judgment amount.

2. Brandy Overcash is entitled to the remainder of the judgment amount.

With respect to K.O.'s and D.O.'s shares of the judgment, plaintiff is directed to obtain an order from the Georgia court having jurisdiction over minors generally as to how K.O.'s and D.O.'s shares of the judgment amount should be handled and follow that order, including, if deemed appropriate or necessary by the Georgia court, seeking and obtaining the appointment of a special conservator for the handing of their shares of the judgment. In seeking the approval of the Georgia court, plaintiff shall present the court with a copy of this order. If for any reason the Georgia court refuses to act, plaintiff is required to return to this court for further direction; otherwise, final approval need not be obtained from this court since it not going to second guess what the Georgia court determines is in the best interests of the two minors. Finally, the disbursal to Brandy Overcash of her share need not await approval of the handling of the minors' shares of the judgment.

**IT IS SO ORDERED**.

Dated this 24th day of January, 2017.

>*/s/ Charles S. Miller, Jr.*
>Charles S. Miller, Jr., Magistrate Judge
>United States District Court

4